UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRUCE JOHNS, | ) 1:11CV1155 |
| | ) |
| Petitioner | ) JUDGE JAMES G. CARR |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| KIMBERLY CLIPPER, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND RECOMMENDED |
| | ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Bruce Johns ("Johns") has filed a petition through counsel for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2008 convictions for violation of community control sanctions, in the Cuyahoga County, Ohio, Court of Common Pleas. (Doc. 1.) Johns raises two grounds for relief in his petition:

1. Violation of the Eighth Amendment ban on cruel and unusual punishment.

2. Violation of due process.

(Doc. 1, § 12.)

The respondent has filed a Return of Writ (doc. 5), and Johns has filed a Traverse (doc. 6).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural background:

> In 1993, Johns was convicted of sexual battery and abduction, both felonies of the third degree. He was sentenced to prison for these offenses. At the time, the trial court did not hold a sexual-predator classification hearing. Also, the trial court did not notify Johns of his requirement to register as a sexual offender. However, Johns was classified as a sexually oriented offender by operation of law.
>
> In December 2003, Johns was released on parole. Upon reporting to the sheriff's office, he signed an explanation of duties to register as a sex offender. Johns states that he registered with the sheriff's office, but did not renew his registration when the obligation came due.
>
> On October 6, 2005, Johns was indicted on two counts of failure to verify address and failure to provide notice of change of address. He pled guilty to failure to verify address, and the second count was nolled. The trial court sentenced Johns to three years of community control. At that time, Johns acknowledged that he had a duty to register.
>
> In August 2007, Johns pled guilty to assault. He was sentenced to six months in prison, which with credit had already been served. Upon his release from prison, Johns failed to report to the probation department and failed to register his address with the sheriff's department.
>
> The trial court held a probation violation hearing on December 5, 2008. The court first addressed Johns's motion to withdraw his guilty plea[1] in Cuyahoga County Common Pleas Court Case No. CR-471134, which involved the failure to verify address charge. Johns's counsel argued that Johns did not receive sufficient notice of his duty to register. The trial court denied the motion.
>
> The trial court proceeded to find that Johns was in violation of probation. The court sentenced Johns to four years in prison.

---

[1] (Doc. 5, RX 11.)

(Doc. 5, RX 20, at 1-2; State v. Johns, No. 92627, 2010 WL 117710, at *1 (Ohio Ct. App. Jan. 14, 2010) (internal footnotes omitted).)

Johns filed a timely appeal of the trial court's denial of his motion to withdraw his guilty plea, and his sentence. Johns raised two assignments of error:

> 1. The trial court erred by finding that the Sheriff's Office could provide Mr. Johns with notice of his duty to register when that obligation is expressly delegated to the courts and the prison system by statute.
>
> 2. The trial court erred by sentencing Mr. Johns to a term of years in prison for failure to verify his address when Mr. Johns had not received proper notice of his obligation to regularly verify his address.

(Doc. 5, RX 15.) The court of appeals affirmed the judgment of the trial court. (Doc. 5, RX 20; Johns, 2010 WL 117710.)

Johns appealed to the Supreme Court of Ohio, raising the following propositions of law:

> 1. A court does not comply with R.C. 2919.19(B)(5) when it notifies a defendant receiving community control sanctions that the defendant will go to prison if the community control sanctions are violated and the maximum sentence for that violation but does not state the specific sentence the Court will impose if community control sanctions are violated.
>
> 2. It is a violation of due process to impose a sentence on a defendant for failure to register without first notifying the defendant of his or her obligation.

(Doc. 5, RX 22.) On June 9, 2010, the Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 5, RX 24; State v. Johns, 125 Ohio St.3d 1448, 927 N.E.2d 1128 (2010).)

3

Johns had also filed a petition for post-conviction relief in the trial court, on Feb. 24, 2009. Johns presented two grounds for relief:

> 1. This court lacked authority to sentence Mr. Johns to prison for violation of community control sanctions because this court did not adequately justify its specific sentence when community control sanctions were first imposed.
>
> 2. Because a sentence of four years is grossly disproportionate to the crime of failure to annually verify a registered address, Mr. Johns' sentence should be set aside as violative of the Eighth Amendment's and the Ohio Constitution's ban on cruel and unusual punishment.

(Doc. 5, RX 25.) The trial court found the petition to be untimely filed. (Doc. 5, RX 28.)

Johns appealed that decision, arguing that: "The trial court erred in finding Mr. Johns' Post-Conviction Petition untimely because, while the statute allows 180 days from the date that transcripts are filed in the direct appeal of the adjudication being challenged, Mr. Johns' Post-conviction Petition was filed only 14 days after the transcripts were filed in the direct appeal of his sentence." (Doc. 5, RX 30.) The court of appeals affirmed the judgment of the trial court. (Doc. 5, RX 33; State v. Johns, No. 93226, 2010 WL 194477 (Ohio Ct. App. Jan. 21, 2010).)

Johns appealed the appellate court decision to the Supreme Court of Ohio, raising the following propositions of law:

> 1. A court is not limited to reviewing the adequacy of notice provided a defendant under R.C. 2919.19(B)(5) on direct appeal of his or her sentence to community control sanctions but may also consider whether such notice was adequate at the time of a challenge to a sentence imposed for violations of those community control sanctions.

4

> 2. A challenge to the adequacy of notice provided a defendant under R.C. 2919.19(B)(5) may be brought through a post-conviction petition.
>
> 3. Res judicata does not bar a defendant from raising in a post-conviction petition challenges to a void sentence.

(Doc. 5, RX 35.) On June 9, 2010, the state supreme court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 5, RX 37; State v. Johns, 125 Ohio St.3d 1449, 927 N.E.2d 1128 (2010).)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Several of the grounds put forward by Johns allege violations of Ohio law. The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of state law or the Ohio Constitution is not properly before this court. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

### III. EIGHTH AMENDMENT VIOLATION

The first ground of the petition is that the four year sentence for the violation of Johns' community control sanctions is grossly disproportionate, and thus in violation of the Eighth Amendment's ban on cruel and unusual punishment.

The respondent argues that this claim has been procedurally defaulted, because Johns did not argue an Eighth Amendment constitutional violation on direct appeal. (Doc. 5, at 12.)

## A. Procedural Default

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349. Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim. Adams v. Bradshaw, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing Buell, 274 F.3d at 349).

Where the state court has failed to address a prisoner's federal claim because the prisoner failed to meet a state procedural requirement, the state judgment rests

7

on independent and adequate state procedural grounds, barring federal habeas relief. Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), aff'd, 507 F.3d 916 (6th Cir. 2007). Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), aff'd, 547 F.3d 297 (6th Cir. 2008), cert. denied, 130 S.Ct. 503 (2009).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

Johns has failed to properly exhaust this claim by giving the state high court a full and fair opportunity to rule on his constitutional claim. Rust, 17 F.3d at 160, (citing Manning, 912 F.2d at 881). The Eighth Amendment claim was not raised on direct appeal. See generally doc. 5, RX 15. Because the claim was not raised, it would now be barred by the Ohio rule of res judicata. Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002); Rust, 17 F.3d at 160-161; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9). Res judicata would bar Johns from litigating an issue that could have been raised on direct appeal. Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108. The Supreme Court of Ohio will not consider a constitutional question which was not properly raised and argued in the lower courts. Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985); Adams, 484 F.Supp.2d at 769; City of Wooster v. Graines, 52 Ohio St.3d 180, 185, 556 N.E.2d 1163, 1168 (1990) (citing cases); State v. Phillips, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971). In addition, Johns cannot return to state court to exhaust the claim because the Ohio Supreme Court has ruled that arguments that could have been raised in an initial appeal (and were not) will be barred from consideration on appeal following remand, under the doctrine of res judicata. State v. Hutton, 100 Ohio St.3d 176, 182, 797 N.E.2d 948, 956 (2003); State v. Gillard, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997), cert. denied, 523 U.S. 1108 (1998).

9

Johns attempted to raise this claim in his petition for post-conviction relief. See generally doc. 5, RX 25. The petition was denied by the trial court as untimely filed.[2] (Doc. 5, RX 28.) This court has found that Section 2953.21's timeliness requirements are an adequate and independent state law ground. Nickleson v. Welch, No. 3:09 CV 906, 2010 WL 5582881, at *4 (N.D. Ohio Oct. 14, 2010) (citing cases); see also Davis v. Warden, Ohio Reformatory for Women, No. 3:06CV357, 2009 WL 1162888, at *4 (S.D. Ohio Apr. 29, 2009). See generally Allen v. Siebert, 552 U.S. 3, 7 (2007) (untimely petition for state postconviction relief not "properly filed" under 28 U.S.C. § 2244(d)(2)).

Although Johns appealed the trial court's denial of his petition as untimely, he did not raise the Eighth Amendment claim before the court of appeals, or the state supreme court. (Doc. 5, RX 30, 35.) Therefore, Johns failed to exhaust this claim by presenting it to the state high court. Rust, 17 F.3d at 160, (citing Manning, 912 F.2d at 881). Moreover, the Ohio rule of res judicata bars claims for post-conviction relief that could have raised on direct appeal. See, e.g., State v. Lentz, 70 Ohio St.3d 527, 639 N.E.2d 784 (1994) (syllabus); Perry, 10 Ohio St.2d 175, 226 N.E.2d 104 (syllabus); Johns, 2010 WL 194477, at *3. As already noted

---

[2] Johns argues that the state courts erred in determining that his petition for post-conviction relief was untimely filed. (Doc. 6, at 8-9.) However, he raised this argument on appeal, and the state court of appeals rejected it. (Doc. 5, RX 33; Johns, 2010 WL 194477.) The Supreme Court has stressed that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Vroman v. Brigano, 346 F.3d 598, 603 (6th Cir. 2003) (state courts final authority on state law).

10

above, the Supreme Court of Ohio will not consider a constitutional question which was not raised in the lower courts. Leroy, 757 F.2d at 99; Adams, 484 F.Supp.2d at 769; Graines, 52 Ohio St.3d at 185, 556 N.E.2d at 1168 (citing cases). Johns can no longer raise this claim in state court[3], as it would be barred on the basis of res judicata. Leroy, 757 F.2d at 99.

The Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417. The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray, 477 U.S. at 488).

Johns argues that "cause might be established where a limitation on state collateral relief is 'so short that no petitioner could conceivably file a timely petition.'" (Doc. 6, at 9, quoting Whiddon v. Dugger, 894 F.2d 1266, 1267 (11th Cir. 1990)). This court cannot say that Ohio's 180 days limitation for commencing state

---

[3] Johns has not shown that he could meet the requirements to file a delayed petition under Ohio Rev.Code § 2953.23(A), thus the court finds it would be futile to attempt to present this claim to the state courts now. See, e.g., Nelson v. Gansheimer, No. 1:09CV2909, 2010 WL 5676576, at *6 (N.D. Ohio July 21, 2010); Nunez v. Warden, Lebanon Corr. Inst., No. 3:09CV142, 2012 WL 1203598, at *4 (S.D. Ohio Apr. 10, 2012) (citing Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006)).

11

post-conviction proceedings is unreasonable. See generally Ohio Rev. Code § 2953.21(A)(2). Johns has failed to demonstrate cause for his procedural default.

The first ground of the petition was not exhausted in the state courts, see Rust, 17 F.3d at 160, and has been procedurally defaulted. Johns did not raise his Eighth Amendment claim on direct appeal, but attempted to raise it in his petition for postconviction relief, which was filed untimely.

### B. Merits

Even if the court were able to consider Johns' claim on the merits, he would not be entitled to habeas relief. Johns has the burden to demonstrate that the state court ruling on his Eighth Amendment claim is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. In his petition for postconviction relief, where he first raised this claim, Johns did not cite any U.S. Supreme Court case law in support of his Eighth Amendment claim, relying exclusively on Ohio cases. See doc. 5, RX 25, at 6-8.

The Supreme Court has most frequently found Eighth Amendment sentencing violations in particular cases which involved the death penalty, or sentences of life without parole. See, e.g., Graham v. Florida, 130 S.Ct. 2011 (2010) (Eighth Amendment prohibits imposition of life without parole on juvenile who did not commit homicide); Kennedy v. Louisiana, 554 U.S. 407 (2008) (Eighth Amendment prohibits death penalty for rape of child where crime did not result in

death of victim). This case clearly does not involve the death penalty, or a life sentence.

The Supreme Court has recognized that "in determining whether a particular sentence for a term of years can violate the Eighth Amendment, we have not established a clear or consistent path for courts to follow." Lockyer v. Andrade, 538 U.S. 63, 72 (2003). The Court found that "one governing legal principle emerges as 'clearly established' under § 2254(d)(1): A gross disproportionality principle is applicable to sentences for terms of years." Lockyer, 538 U.S. at 72; see, e.g., Friday v. Pitcher, No. 02-1564, 2004 WL 435856, at *4 (6th Cir. Mar. 2, 2004) (per curiam), cert. denied, 543 U.S. 1023 (2004).

The Supreme Court also pointed out, however, that: "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." Lockyer, 538 U.S. at 77. In Lockyer, for example, the Court found "it was not an unreasonable application of our clearly established law for the California Court of Appeal to affirm Andrade's sentence of two consecutive terms of 25 years to life in prison." Id.

Likewise, the Court found that a sentence of 25 years to life in prison, imposed for a conviction for felony grand theft under California's "three strikes" law, was not "grossly disproportionate" and did not violate the Eighth Amendment, despite the fact that the "sentence-triggering criminal conduct" consisted of the theft of three golf clubs priced at less than $1,200. Ewing v. California, 538 U.S. 11, 30-31, 35 (2003).

13

Were the court able to consider his claim on the merits, this court would not find that Johns' sentence constitutes an "extraordinary case" amounting to an Eighth Amendment violation, nor that the state courts' sentencing decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

The first ground of the petition has been procedurally defaulted. Johns did not raise his Eighth Amendment claim on direct appeal, but attempted to raise it in his petition for postconviction relief, which was filed untimely, and thus the claim has been defaulted.

## IV. DUE PROCESS VIOLATION

The second ground of the petition is that Johns' due process rights were violated because he did not receive proper or adequate notice of his registration requirements as a sex offender.

The respondent argues that this claim should be rejected on the merits because Johns cannot demonstrate that he lacked notice and an opportunity to be heard. The respondent points out that the state court found that Johns was afforded proper notice of his duty to register as a sex offender. (Doc. 5, at 16-18.)

The U.S. Supreme Court has consistently found that the constitutional essentials of procedural due process are "notice and an opportunity to be heard." See, e.g., Swarthout v. Cooke, 131 S.Ct. 859, 862 (2011); Mathews v. Eldridge, 424 U.S. 319, 333 (1976); Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971). The

14

Sixth Circuit has found that "[p]rocedural due process challenges to state sex-offender registry statutes that mandate the registration of all convicted sex offenders have been foreclosed by [Connecticut Dept. of Public Safety v. Doe, 538 U.S. 1 (2003)]." Doe v. Dann, No. 1:08CV220, 2008 WL 2390778, at *9-*10 (N.D. Ohio June 9, 2008) (quoting Doe v. Michigan Dept. of State Police, 490 F.3d 491, 502 (6th Cir. 2007)).

On direct appeal, Johns contended that the trial court erred in sentencing him for failing to comply with the registration requirement without ensuring that he had been given proper notice of his obligation to register. (Doc. 5, RX 15, at 7-9.)

> The state court of appeals overruled his assignment of error, stating:
>
> Johns maintains that the trial court should not have sentenced him for a violation of his probation without ensuring that he had been given proper notice of his obligation to register. The record in this case demonstrates that Johns was convicted of a sexual offense and his duty to register arose by operation of law. Johns signed an explanation of duties to register as a sex offender. He subsequently entered a plea of guilty to failure to verify address, was convicted of the charge, and was sentenced to three years of community control. At the time of sentencing for that offense, the trial court explicitly outlined Johns's duties while on community control, including his duty to register. Johns acknowledged that he understood his obligations, but then failed to comply.
>
> Unlike the cases relied upon by Johns, in this case Johns was aware of his duty to register at the time of his community control violation, and he was not prejudiced by any failure to comply with statutory notice requirements. We do not find that Johns was denied his due process rights. Under the circumstances herein, we conclude the trial court did not err in sentencing Johns to prison for his violation of community control sanctions. Johns's second assignment of error is overruled.

(Doc. 5, RX 20, at 5-6; Johns, 2010 WL 117710, at *3.)

15

Johns argues that "the Ohio legislature enacted a specific process for providing that notice [and] that the State failed to comply with that process" in his case. (Doc. 6, at 3.) Although Johns appears to concede that he received some form of notice, he contends that it was not "an adequate substitute for the trial court instructions [he] was supposed to receive under Ohio law." Id. at 4-5. In essence, Johns argues that the state did not properly follow Ohio law in providing notice to him.

The argument that the state did not properly follow Ohio law does not establish a federal constitutional due process violation which would support federal habeas relief. Swarthout, 131 S.Ct. at 863 (mere error of state law is not denial of due process); Lewis, 497 U.S. at 780 (alleged violation of state law not properly before habeas court); Cooey v. Coyle, 289 F.3d 882, 901-902 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003) (quoting Estelle, 502 U.S. at 67-68); Lott, 261 F.3d at 607 n.6 (citing Estelle). Actual notice precludes the finding of a constitutional due process violation. See, e.g., Whatley v. Smith, No. 1:08CV1632, 2009 WL 4282926, at *7-*8 (N.D. Ohio Nov. 30, 2009).

The petition should not be granted on the basis of the second ground. Johns has failed to demonstrate that the state court ruling on his due process claim is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

## V.  SUMMARY

The petition for a writ of habeas corpus should be denied.

The first ground of the petition has been procedurally defaulted.  Johns did not raise his Eighth Amendment claim on direct appeal, but attempted to raise it in his petition for postconviction relief, which was filed untimely and thus defaulted.  As to the second ground, Johns failed to demonstrate that the state court ruling on his claim is contrary to, or involved an unreasonable application of, clearly established federal law.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.

Dated:   April 24, 2012                        /s/ Kenneth S. McHargh
                                                               Kenneth S. McHargh
                                                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).