**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Bruce Johns,                                                    Case No. 1:11CV1155

              Plaintiff

       v.                                                      **ORDER**

Kimberly Clipper,

              Defendant

Petitioner Bruce Johns objects (Doc. 9) to the Magistrate Judge's Report and Recommendation (Magistrate's Report) (Doc. 8), which recommends denying Johns's petition for habeas corpus. Based on *de novo* review of the record and the applicable law, I overrule Johns's objections, and adopt the Magistrate's Report in full.

**Background**

On September 3, 1992, the Cuyahoga County, Ohio, grand jury charged petitioner Johns with six counts of Rape, in violation of O.R.C. § 2907.02. Johns negotiated a plea agreement, whereby he pled guilty to Sexual Battery (O.R.C. § 2907.03) and Abduction (O.R.C. § 2905.02), both charges being third degree felonies. The trial court accepted his plea and sentenced him to two years on the first count, and a consecutive sentence of three to ten years on the other. (Doc. 1-3, p. 3). The trial court did not hold a sexual predator classification hearing when sentencing the petitioner. *Id.*

In December, 2003, Johns was paroled. He reported to the sheriff's office, where he learned he had to register as a sexual offender, which he did. *Id.*

On October 6, 2005, the Cuyahoga County Grand Jury indicted Johns on two counts of failure to verify his address and failure to provide notice of change of address, respectively, in violation of O.R.C. § 2950.06 and O.R.C. § 2950.05. (Doc. 5, p. 2). The statute requires offenders to verify or update their address either on the anniversary of the offender's initial registration date, O.R.C. § 2950.06(B)(1), or 180 days from the conviction if, like petitioner, they are a Tier II sex offender. O.R.C. § 2950.06(B)(2). The offender is also required to notify the courts of any change in address. O.R.C. § 2950.05(A). The trial court sentenced petitioner to three years of community control as a result of his failure to notify the courts and verify his address change.

In August, 2007, the court sentenced Johns to six months in prison after he pled guilty to assault. (Doc. 1-3, p. 4). The court gave Johns credit for time served, resulting in no additional prison time. Johns did not report to the probation department and failed to register his address with the sheriff's department after his release. *Id.*

On December 5, 2008, the trial court held a probation violation hearing. It revoked probation and imposed a four year sentence. (Doc. 5, p. 2). Johns had filed a motion to withdraw his guilty plea, which the court rejected.

Petitioner appealed the denial of his motion to withdraw. He claimed the state's failure to explain properly the statutory registration requirements vitiated his plea. The Court of Appeals affirmed. *State v. Johns*, 2010-Ohio-68, *2-3 (Ohio Ct. App.). The Supreme Court of Ohio denied review.

On February 24, 2009, Johns also filed a petition for post-conviction relief in the Cuyahoga County Common Pleas Court. Johns contested the trial court's ability to sentence him for his 2008 probation violations, challenging the imposition of a prison term on the basis of state law, as well as the Eighth Amendment. The trial court denied his petition on grounds of untimeliness. O.R.C. § 2953.21(A)(2) (requiring postconviction petitions to be filed within 180 days after the date on which the time to appeal expires). On January 21, 2010, the Court of Appeals affirmed, noting that the doctrine of *res judicata* barred Johns' postconviction petition, because he could have raised his claim on direct appeal. *State v. Johns*, 2010-Ohio-162 (Ohio Ct. App.). The Ohio Supreme Court denied review.

On June 6, 2011, Johns filed his petition in this court for a writ of habeas corpus under 28 U.S.C. § 2254. The Magistrate Judge recommends denying his petition. Johns objects to the Magistrate Judge's recommendation on several grounds.

**Standard of Review**

I review a Magistrate's Report and Recommendation *de novo*. 28 U.S.C. § 636(b)(1).

**Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, governs this action. To prevail, the prisoner must show that "he is in custody in violation of the constitution or laws of the United States." 28 U.S.C. § 2254(a).

**A. Eighth Amendment**

Petitioner first alleges a violation of his Eighth Amendment right not to be subjected to cruel or unusual punishment, as his sentence of four years was disproportionate to the crime of failing to register his change of address. The Magistrate Judge determined that Johns' Eighth Amendment claim was not properly presented to the state courts, and therefore review in this court is not

3

available due to petitioner's procedural default. Johns argues his procedural default should be excused.

A petitioner cannot succeed on a federal habeas claim unless he has exhausted all the state relief mechanisms that are available to him. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The doctrine of exhaustion exists to promote comity between the state and federal courts. As such, when the highest court in the state has heard a petitioner's claim, the exhaustion requirement of a habeas claim is fulfilled. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

To satisfy the exhaustion requirement, a habeas corpus petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner who was procedurally barred from raising his claim in state court cannot then claim that he has exhausted the claim simply because he attempted to raise it.

> Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting a habeas claim has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court no longer meets the technical requirements for exhaustion; there are no state remedies any longer "available" to him.

*Coleman*, *supra*, 501 U.S. at 731-32.

For a petitioner to overcome a procedural default, his claim must satisfy four factors. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986):

First, I must determine whether there is an applicable state procedural rule and whether petitioner complied with the rule. *Id.* Second, I must decide whether the state courts enforced the procedural sanctions. *Id.* Third, I must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose federal review of the habeas

claim. *Id.* Fourth, the petitioner must show there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional violation. *Id.*

In June, 2010, the Supreme Court of Ohio denied Johns' appeal from the Ohio Court of Appeals' dismissal of his postconviction petition. As the Court of Appeals noted, the Cuyahoga County Common Pleas Court rejected Johns' petition on grounds of untimeliness. Under O.R.C. § 2953.21(A)(2), a post-conviction petition "shall be filed no later than one hundred and eighty days after the date on which the trial transcript is filed with the court of appeals … ." The record shows Johns did not file his petition in a timely manner. (Doc. 8, p. 4). In addition, "*res judicata* bars a convicted defendant from raising in a postconviction relief petition any defense that was raised or could have been raised by the defendant at trial or on direct appeal." *State v. Lentz*, 70 Ohio St.3d 527, 529 (Ohio 1994).

Both of these procedural bars – the 180-day rule and Ohio's *res judicata* rule – fulfill the first two *Maupin* factors, Johns failed to comply with them, and the courts dismissed Johns' petition due to his failure to comply.[1] The 180-day rule is an independent and adequate state rule, *Frazier v. Huffman*, 343 F.3d 780, 804 (6th Cir. 2003), as is the doctrine of res judicata, *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001), fulfilling the third *Maupin* factor.

Because the procedural bars in question fulfill the first three *Maupin* factors, Johns must show cause and prejudice to overcome the procedural default. Johns does not allege anything which would have been caused by "some objective factor external to the defense" which could have been

---

[1] Johns argues that the 180-day requirement was not properly considered by the appellate court. While it is true that the appellate court explicitly relied on the *res judicata* doctrine, the appellate court also affirmed the trial court's dismissal, which was premised on the 180-day rule. In any event, both rules satisfy all the requirements for a proper procedural bar, and even if the appellate court did not in fact rely on the 180 day rule, the *res judicata* doctrine still served as an independent and adequate state bar to Johns' petition.

5

the reason for his failure to bring this claim within the proper period. *Coleman*, *supra*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). As Johns has failed to satisfy all of the *Maupin* factors, I cannot excuse his procedural default of his Eighth Amendment claim.

Johns also submitted *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446 (Ohio 2012), citing it as support for his contention that his punishment violates his Eighth Amendment rights. That case involved "automatic, lifelong registration and notification requirements on juvenile sex offenders tried within the juvenile system." *Id.* at 513. Johns was not a juvenile offender when sentenced in 1993. While the requirements imposed by R.C. § 2152.86 are similar to those imposed on Johns, the court there was not examining a case like his, and as such this case has no bearing on Johns' claim.

I find that the Magistrate Judge did not err in his determination of this point, and overrule petitioner's objections. Because I am barred from reviewing this claim on procedural grounds, I decline to address the claim on the merits.

### B. Due Process

Johns also alleges a violation of his due process rights on the basis that he did not receive proper or adequate notice of his obligation to register as a sex offender under R.C. § 2929.19(B)(5).

Petitioner's duty to register arose from his *de jure* classification as a sex offender, by virtue of being convicted for a sexual offense. Johns signed an explanation of his duties to register as a sex offender. (Doc. 8, p. 15).

The Ohio Court of Appeals considered Johns' claim of a violation of federal due process in his direct appeal. *Johns*, *supra*, 2010 Ohio 68 at *5-6. As Johns properly exhausted this claim and the state court ruled on the merits, Johns' claim can only succeed in this court if:

> the adjudication of the claim

6

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The Ohio Court of Appeals did not explicitly cite federal law in its discussion of Johns' claim. Instead, it stated:

> {¶ 15} Johns's second assignment of error provides as follows: "The trial court erred by sentencing Mr. Johns to prison for failing to comply with a registration requirement without first ensuring he was given proper notice of his obligation to register, in violation of Mr. Johns' due process."
>
> {¶ 16} Johns maintains that the trial court should not have sentenced him for a violation of his probation without ensuring that he had been given proper notice of his obligation to register. The record in this case demonstrates that Johns was convicted of a sexual offense and his duty to register arose by operation of law. Johns signed an explanation of duties to register as a sex offender. He subsequently entered a plea of guilty to failure to verify address, was convicted of the charge, and was sentenced to three years of community control. At the time of sentencing for that offense, the trial court explicitly outlined Johns's duties while on community control, including his duty to register. Johns acknowledged that he understood his obligations, but then failed to comply.
>
> {¶ 17} Unlike the cases relied upon by Johns, in this case Johns was aware of his duty to register at the time of his community control violation, and he was not prejudiced by any failure to comply with statutory notice requirements. We do not find that Johns was denied his due process rights. Under the circumstances herein,

>we conclude the trial court did not err in sentencing Johns to prison for his violation of community control sanctions. Johns's second assignment of error is overruled.

2010-Ohio-68 at *2-3.

Johns did, however, discuss federal law in his brief to the Ohio Court of Appeals, contending that due process requires notification before penalties can be imposed for a wholly passive act. *Lambert v. California*, 355 U.S. 225 (1957). There, the Supreme Court upheld the constitutionality of § 52.39 of the Los Angeles Municipal Code, which makes it illegal for a convicted person to remain in Los Angeles for more than five days without registering. Appellant had been living in Los Angeles for seven years; within that period of time she was convicted of forgery, a felony in California. Since she was not registered under the statute in question, she was charged with violating the registration laws. The Court stated that "actual knowledge and subsequent failure to comply are necessary before a conviction under the ordinance can stand." *Id.* at 229.

As the state court found, "Johns was aware of his duty to register at the time of his community control violation, and he was not prejudiced by any failure to comply with statutory notice requirements." 2010-Ohio-68 at *3. Johns has not made any argument of how this was contrary to or an unreasonable application of clearly established Supreme Court law.

Johns argues the trial court did not follow the specific requirements of outlining his duties. However, this does not establish a federal claim. "[Petitioner] here claims nothing more than that the Ohio court did not apply Ohio law correctly. And such a claim is not justiciable in federal habeas proceedings." *Cooey v. Coyle*, 289 F.3d 882, 901-02 (6th Cir. 2002).

Johns has failed to show that the state court acted unreasonably, and his argument that the court did not properly apply Ohio law must also fail.

## Conclusion

Johns has failed to show cause and prejudice sufficient to overcome the procedural bars to reviewing his Eighth Amendment claim; he also fails to show how the state court's decision on his due process claim was contrary to or an unreasonable application of clearly established federal law.

For the foregoing reasons, it is hereby:

8

ORDERED THAT:

1. Petitioner's objections to the Report and Recommendation of the United States Magistrate Judge be, and the same hereby are, overruled; and

2. The Report and Recommendation of the United States Magistrate Judge be, and the same hereby is adopted, with the petition dismissed.

An appeal from this decision would be without merit, and shall not be allowed without payment of the requisite filing fee.

So ordered.

/s/ James G. Carr
James G. Carr
Sr. United States District Judge