UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRUCE JOHNS,                    ) 1:11CV1155
                               )
          Petitioner           ) JUDGE JAMES G. CARR
                               ) (Magistrate Judge Kenneth S. McHargh)
     v.                         )
                               )
KIMBERLY CLIPPER,              )
          Warden,              )
                               )
          Respondent           ) REPORT AND RECOMMENDED
                               ) DECISION OF MAGISTRATE JUDGE

McHARGH, MAG. J.

     The petitioner Bruce Johns ("Johns") had filed a petition through counsel for

a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2008 convictions for

violation of community control sanctions, in the Cuyahoga County, Ohio, Court of

Common Pleas.  (Doc. 1.)  Johns raised two grounds for relief in his petition:

     1.  Violation of the Eighth Amendment ban on cruel and unusual
         punishment.

     2.  Violation of due process.

(Doc. 1, § 12.)

     The factual and procedural background underlying the petition were set forth

in the Report and Recommendation of April 24, 2012.  (Doc. 8, at 2-5.)  The Report

and Recommendation of the Magistrate Judge recommended that the petition for a

writ of habeas corpus should be denied.  (Doc. 8, at 17.)  The first ground of the

petition was  procedurally defaulted:  Johns failed to raise his Eighth Amendment

claim on direct appeal, but attempted to raise it in his petition for postconviction relief, which was filed untimely and thus defaulted. (Doc. 8, at 6-12.)

As to the second ground, Johns failed to demonstrate that the state court ruling on his due process claim is contrary to, or involved an unreasonable application of, clearly established federal law. (Doc. 8, at 14-16.) Johns had argued that the state did not properly follow Ohio law in providing notice to him, which does not establish a federal constitutional due process violation which would support federal habeas relief. The state court found there was actual notice of the registration requirement, which precludes the finding of a constitutional due process violation. (Doc. 8, at 15-16.)

The court overruled Johns' objections to the Report and Recommendation, and adopted the Report in full. (Doc. 14.) The petition was dismissed. (Doc. 14, at 8-9.) Further, the court found: "An appeal from the decision would be without merit, and shall not be allowed without payment of the requisite filing fee." (Doc. 14, at 9.)

Johns subsequently appealed the denial of his petition to the Sixth Circuit of Appeals. See generally doc. 16-17. The Notice of Appeal did not request a certificate of appealability. (Doc. 16.)

The Sixth Circuit has remanded the case to the District Court:

. . . for the sole purpose of determining whether to grant or deny a certificate of appealability, pursuant to Federal Rules of Appellate Procedure 22(b). If the court is inclined to issue a certificate, it should specify which issues are so certified. See 28 U.S.C.A. §2253(c)(3).

(Doc. 18.)

Johns filed a memorandum in support of issuance of a certificate of appealability.  (Doc. 21.)  The respondent filed an opposition (doc. 22), and Johns filed a reply (doc. 23.)  The matter was then referred to the Magistrate Judge for preparation of another Report and Recommendation.  (Doc. 24.)

## APPELLATE RULE 22(B)

The Sixth Circuit has directed that this court's recommendation is to be guided by Federal Rule of Appellate Procedure 22(b), and 28 U.S.C. § 2253(c)(3), which read:

> (b) Certificate of Appealability.
>
> (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).  If an applicant files a notice of appeal, the district clerk must send to the court of appeals the certificate (if any) and the statement described in Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254 or § 2255 (if any), along with the notice of appeal and the file of the district-court proceedings.  If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.
>
> (2) A request addressed to the court of appeals may be considered by a circuit judge or judges, as the court prescribes.  If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.
>
> (3) A certificate of appealability is not required when a state or its representative or the United States or its representative appeals.

Federal Rule of Appellate Procedure 22(b).

3

> The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c)(3).  Paragraph (c)(2) reads:  "A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

This court has found that the issuance of a certificate of appealability is not a matter of right.  Sweet v. Carter, 22 F.Supp.2d 707, 721 (N.D. Ohio 1998). Pursuant to 28 U.S.C. § 2253, a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  Sweet, 22 F.Supp.2d at 721 (quoting Lyons v. Ohio Adult Parole Authority, 105 F.3d 1063 (6th Cir. 1997)); 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability on an issue, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claim [ ] debatable or wrong."  Webb v. Mitchell, 586 F.3d 383, 401 (6th Cir. 2009), cert. denied, 130 S.Ct. 2110 (2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)); see also Cloud v. Beckstrom, 555 F.Supp.2d 777, 807 (E.D. Ky. 2008) (quoting Slack v. McDaniel, 529 U.S. 473 (2000)) (petitioner must demonstrate that "jurists would find the district court's assessment of the constitutional claims debatable or wrong").

The Sixth Circuit has also stated that,

> . . . where the district court denies an issue on procedural grounds without evaluating the merits of the underlying constitutional claim, courts should grant a COA only if two requirements are satisfied.  See

4

Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d
542 (2000).  First, the court must determine that reasonable jurists
would find the district court's procedural assessment debatable or
wrong.  Id. at 484, 120 S.Ct. 1595.  Second, the court must determine
that reasonable jurists would find it debatable or obvious that the
petitioner states a valid underlying constitutional claim on the merits.
Id.  If the petitioner cannot make both of these showings, assessed in
whatever order, then a court should not grant a COA on the procedural
issue.  Id.

Webb, 586 F.3d at 401; see also Yost v. Williams, 572 F.Supp.2d 491, 497 (D. Del.

2008) (citing Slack, 529 U.S. at 484).

This court has considered the arguments put forward by the parties in their

briefings concerning the issuance of certificate of appealability.  See generally doc.

21, 22, 23.  The court does not find that Johns has made a substantial showing of

the denial of a constitutional right, and thus recommends that a certificate of

appealability not be issued.  See also doc. 14, at 9 (appeal would be without merit).


Eighth Amendment Claim

This court found that Johns had failed to properly exhaust this claim by

giving the state high court a full and fair opportunity to rule on his constitutional

claim.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Rust v. Zent, 17 F.3d 155,

160 (6th Cir. 1994).  The Eighth Amendment claim was not raised on direct appeal

and would be barred by the Ohio rule of res judicata.  Lott v. Coyle, 261 F.3d 594,

611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002); Rust, 17 F.3d at 160-

161; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v.

Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9).

5

The court recognized that Johns attempted to raise this claim in his petition for post-conviction relief, but that petition was denied by the trial court as untimely filed, which is recognized as an adequate and independent state law ground. Nickleson v. Welch, No. 3:09 CV 906, 2010 WL 5582881, at *4 (N.D. Ohio Oct. 14, 2010) (citing cases); see also Davis v. Warden, Ohio Reformatory for Women, No. 3:06CV357, 2009 WL 1162888, at *4 (S.D. Ohio Apr. 29, 2009). See generally Allen v. Siebert, 552 U.S. 3, 7 (2007) (untimely petition for state postconviction relief not "properly filed" under 28 U.S.C. § 2244(d)(2)). Although Johns appealed the denial of his petition as untimely, he did not raise the Eighth Amendment claim before the court of appeals, or the state supreme court. Therefore, the court found Johns failed to exhaust this claim by presenting it to the state high court. Johns has not demonstrated that reasonable jurists would find the court's procedural assessment debatable or wrong.

Although the court decided the issue on procedural grounds, the court did address the merits of the claim as well. (Doc. 8, at 12-14.) The court pointed out that the Supreme Court reserves a constitutional violation based on the gross disproportionality principle for only the extraordinary case. Lockyer v. Andrade, 538 U.S. 63, 77 (2003). The court did not find that Johns' sentence constitutes an "extraordinary case" amounting to an Eighth Amendment violation, nor that the state courts' sentencing decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

6

The court does not find that Johns has made a substantial showing of the denial of a constitutional right, and Johns has not demonstrated that reasonable jurists would find the court's assessment of his constitutional claim debatable or wrong, thus the court recommends that a certificate of appealability not be issued as to this ground.

### Alleged Due Process Violation

This court found that the state court's decision that Johns was aware of his duty to register, and was not denied his due process rights, was not contrary to, nor involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

The constitutional requirements of procedural due process are satisfied by "notice and an opportunity to be heard."  See, e.g., Swarthout v. Cooke, 131 S.Ct. 859, 862 (2011); Mathews v. Eldridge, 424 U.S. 319, 333 (1976); Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971).  Actual notice precludes the finding of a constitutional due process violation.  See, e.g., Whatley v. Smith, No. 1:08CV1632, 2009 WL 4282926, at *7-*8  (N.D. Ohio Nov. 30, 2009).

Johns' argument that the state did not properly follow Ohio law does not establish a federal constitutional due process violation which would support federal habeas relief.  Swarthout, 131 S.Ct. at 863 (mere error of state law is not denial of due process); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (alleged violation of state law not properly before habeas court); Cooey v. Coyle, 289 F.3d 882, 901-902 (6th

7

Cir. 2002), cert. denied, 538 U.S. 947 (2003) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Lott, 261 F.3d at 607 n.6 (citing Estelle).

The court does not find that Johns has made a substantial showing of the denial of a constitutional right, and Johns has not demonstrated that reasonable jurists would find the court's assessment of this constitutional claim debatable or wrong, thus the court recommends that a certificate of appealability not be issued as to this ground.

## SUMMARY

It is recommended that the court certify that, for the reasons stated above, for the reasons stated in the Report and Recommendation of April 24, 2012 (doc. 8), and for the reasons stated in the court's Order of Aug. 7, 2012 (doc. 14), an appeal from the court's Order of Aug. 7, 2012, could not be taken in good faith, and that there is no basis upon which to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); Fed. R. App.P. 22(b).

<u>RECOMMENDATION</u>

It is recommended that a Certificate of Appealability not be issued.


Dated:  <u>  Feb. 1, 2013  </u>          <u>  /s/ Kenneth S. McHargh  </u>
                                          Kenneth S. McHargh
                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the

Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file

objections within the specified time WAIVES the right to appeal the District Court's

order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d

947 (6th Cir. 1981).

9